FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 03 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHEN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| VERONIQUE NWOGU, | ) | CIVIL ACTION |
| Plantiff, *Pro Se,* | ) | FILE NO._____ |
| V. | ) | **JURY TRIAL DEMANDED** |
| ABP CORPORAQTION, | ) | **1:17-CV-2500** |
| RAY BLANCHETTE PRESIDENT CEO, | ) | |
| BRYAN GLASCO DIRECTOR, | ) | |
| JAWAD ATTEYIBI MANAGER, | ) | |
| Defendants, | | |

## COMPALINT FOR DAMAGES AND RELIEF

Plaintiff, Veronique Nwogu ("Plaintiff" or "Ms. Nwogu") submits the following:

Complaint for Damages against Defendants ABP Corporation, Ray Blanchette President CEO, Bryant Glasco Director, Jawad Atteyibi Manager.

## INTRODUCTION

1.

This employment case arising from the discrimination against Ms. Nwogu by Defendants ABP Corporation, on the basis of her age, race, and national origin.

Despise Ms. Veronique Nwogu excellent job performance has a Food Preparation and contribution and profitability of ABP Corporation, Defendants ran over her federally protected rights, discriminated her because of her age, race, and national origin, and are therefore liable to her for economic and non-economic damages and relief.

2.

Plaintiff asserts mixed-motive and single motive discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. ~2000e et seq. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. ~1981 ('Section1981"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. ~ 621 et seq. ('ADEA"). She seeks economic benefits compensatory and punitive damages, and attorney's fees and costs, and mediation cost.

## JURISDICTION AND VENUE

3.

Plaintiff's claims present federal questions over which this Court has jurisdi8ction pursuant to 28 U.S.C. ~1331, ~1343(a), 29 U.S.C. ~ 621, and 42 U.S.C. ~2000e5(f)(3).

4.

The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is proper under U.S.C.` 2000e-5(f)(3) and 28 U.S.C.` 1391(b) and (c) as every6 act of which Plaintiff complaints occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5.

Plaintiff timely filed a charge of discrimination against Defendant ABP Corporation and all Defendants, with the United States Equal Opportunity Commission ('EEOC").

6.

Plaintiff has received the notice of Right to Sue from EEOC within the last (90) days and has satisfied all other conditions precedents to the institution of this lawsuit.

7.

Plaintiff Veronique Nwogu, is an (African American), female who was born in Benin, Nigeria. She resides in Dekalb County in the State of Georgia. Plaintiff was formerly employed by Defendants ABP Corporation as a Prep Cook at Au Bon Pain, 231 Peachtree St. Atlanta, Georgia location where all or substantially all of the unlawful conduct giving rise to this Complaint occurred.

8.

Defendant ABP Corporation is an American fast-casual bakery and café chain, headquartered in Boston, Massachusetts. The company offers sandwiches, breads, pastries, salads, snacks, soups, beverages, deserts, vegan, vegetarian, low calorie, low sodium menu.

9.

Defendants Ray Blanchette CEO President, may be served with process by personal service upon their registered agent for service of process, ABP Corporation, (Helen Galanopoulos) Associate Company Counsel: One Au Bon pain Way Boston, MA 02210

10.

Defendants, Ray Blanchette President CEO, Bryant Glasco Director, and Jawad Atteyibi Manager, were at all relevant times an "employer" within the meaning of

Title VII, 42 U.S.C.~ 1981, and the ADEA, 29 U.S.C.~630(b) located at 1968 Peachtree Rd. NW Atlanta, GA 30309.

11.

Defendants; Bryant Glasco Director, and Jawad Atteyibi Manager, was, at all relevant times, an employee of Au Bon Pain Corporation, and an individual responsible for race, age, and national origin discrimination against Plaintiff. Defendants may be served with process by personal service at their place of business in Fulton County, or City of Atlanta.

12.

Plaintiff was at all times an "employee" of Defendants ABP Corporation by Title VII, 42 U.S.C.~2000e(f), 42 U.S.C.~1981, an ADEA, 29 U.S.C.~630(f)

13.

## FACTS

14.

Ms. Veronique Nwogu, (African American) female born in West Africa, Nigeria 67 years old.

15.

Ms. Nwogu started working at Au Bon Pain, Atlanta, in May 2015, as a food Prep.

16.

Defendant ABP Corporation is the "employer" and Defendants Ray Blanchette, CEO, President, Bryant Glasco Director, and Jawad Atteyibi Manager constitute a joint employer of the Plaintiff for purposes of Plaintiff's claims in this lawsuit.

17.

Throughout Ms. Veronique employment her manager Jawad Atteyibi and Director Bryant Glasco were pleased with Ms. Veronique Nwogu work product.

18.

Director Bryant Glasco, and Jawad Atteyibi manager was all times the ultimate authority regarding the terms and conditions of Ms. Veronique Nwogu's employment.

19.

During Ms. Veronique employment Director Bryant Glasco observed her job performance, and obviously noticed that she was the only Food Prep at Au Bon Pain 231 Peachtree Street N.E. Atlanta, GA 30303

## COUNT 1

## AGE DISCRIMINATION AND/OR "AGE PLUS" DISCRIMINATION IN VIOLATION OF THE ADEA

**(Against ABP Corporation all Defendants)**

20.

Plaintiff incorporates each and every preceding paragraph herein by reference as id set fort fully herein.

21.

Plaintiff is a member of the protected age group in that she is over the age of 40yrs old.

22.

Plaintiff was subjected to different terms and conditions of employment, including but not limited to force to do all the food Preparation by herself, to enter the bakery at early hours in the morning before any other employee, to work without lunch

breaks, while younger employees got theirs. Plaintiff was under paid 8.50 per hr. Because of her age, and/or other protected characteristics. Plaintiff was treated differently because of her age she will have to be at work 6:00am

23.

Plaintiff was given additional duties that will require two or three additional Food Preps. This includes preparing additional food for the rest of the evening before going home, stocking, inventory , washing dishes, and clean up. Because of her age, and/or other protected characteristics.

24.

Plaintiff was subject to ridicule, humiliation, embarrassed and bullied ,by Defendant Manager Jawad Atteyibi while around one or more workers who were not in the protected age group or who were substantially younger than Plaintiff was, told "You are too old, if you come to my country, where I am from they will eat you alive".

25.

Plaintiff was embarrassed by Defendant Manager Jawad Atteyibi on several occasions Plaintiff was told to shut up and don't join any conversations with the younger employees. were not in the protected age group or who were substantially younger than Plaintiff.

26.

Plaintiff was called a ninety year old woman by Defendant Manage Jawad Atteyibi while around one or more workers who were not in the protected age group or who were substantially younger than Plaintiff

The above –pled discriminatory conduct constitutes unlawful age discrimination in violation of the Age Discrimination in Employment Act of 1964, as amended and age (54), in violation of age Discrimination in Employment Act of 1967, as amended.

27.

Defendants ABP Corporation acted in bad faith and willfully violated Plaintiff's rights under ADEA.

28.

As a result Defendants' discriminatory conduct, Plaintiff has suffered emotional distress, loss of income, inconvenience, humiliation and other indignities.

29.

Pursuant to the ADEA, Plaintiff is entitled to damages including back pay, loss of benefits, liquidated damages, reasonable attorney's and Mediation fees and cost of filling litigation, and all other relief recoverable under ADEA and statues providing for relief under ADEA.

# COUNT II

## RACE AND/OR NATIONAL ORIGIN DISCRIMINATION AND RACE AND/OR NATIONAL ORIGIN PLUS' DISCRIMNINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. ~2000e et seq.

### (Against Defendants ABP Corporation and ET all)

30.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

31.

Plaintiff is a member of her protected class in that she is an African American, born in West Africa Nigeria.

32.

Plaintiff's race and / or national origin, her race and national origin plus her age, her race and / or national origin plus other protected characteristics in any

combination, was a "motivating factor" in Defendant's decision to humiliate, antagonized, bullied, embarrassed, ridicule, and put to shame. She was subjected to this inhumane maltreatment on a daily basis, this illegitimate discriminatory reasons that also motivated these actions.

33.

The above-pled discriminatory conduct towards Plaintiff, including, but not limited to, being harassed and cowardly Physically Assaulted and battered by Jawad Atteyibi Manager, on the Job by forced to resign by ABP Corporation, Ray Blanchette President CEO, Bryant Glasco Director.

This type is constituted unlawful race and national origin discrimination in violation of Title VII.

34.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII

## COUNT III

### RACE AND/OR NATIONAL ORIGIN DISCRINATION IN VIOLATION OF 42 U.S.C. ~ 1981

### (Against all Defendants)

35.

Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

36.

At all times material to this complaint, Plaintiff and Defendants were parties to an employment agreement under which Plaintiff worked for Defendants and ABP Corporation, and they compensated Plaintiff for her work.

37.

Plaintiff performed her obligations

38.

Plaintiff is a black female born in Nigeria West Africa

39.

42 U.S.C. ~1981 prohibits the Defendants from discriminating against Plaintiff on the basis of her race and/or national origin.

40.

Defendants' discriminated against Ms. Veronique Nwogu on the basis of her race and/or national origin by, among other things, Jawad Atteyibi Manager will address Plaintiff as Ms. Everything, repeatedly.

41.

Defendants' will allow Plaintiff to only take one fifteen minutes lunch breaks, per each work day.

42.

Defendants' said strictly conveyed that Plaintiff was the only one that have to ask for permission to use the bathroom.

43.

Defendants' Jawad Atteyibi, asked Plaintiff to enter the cooler/freezer then gave Plaintiff the candy that he lick and said "go home and have a good time with your husband"

44.

As a result of Defendants' discriminatory conduct, Plaintiff has suffered emotional distress, inconvenience, humiliation, shame, disgraced and other indignities.

45.

Defendants' on August 20, 2015 Jawad Atteyibi, physically assaulted Plaintiff Veronique Nwogu at Au Bon Pain, 231 Peachtree Street N.E. Atlanta, GA

46.

Defendants' Assaulted Plaintiff while Ms. Nwogu was washing dirty dishes, Jawad Atteyibi Manager shouted laud, "I will mess with her first" Plaintiffs' back was turned to the door.

47.

Defendants' Jawad Atteyibi Manager, Slammed the steel door of the Cooler/freezer against Plaintiff back and continued pressing the door

48.

Defendants' Jawad Atteyibi Manager Continued to press down on Plaintiff Ms. Nwogu back, shoulder, neck, with door pushing her on to the dish washer into the sink. The entire Assault/ Battery was cough on video, that are in the possession of ABP Corporation, Defendants Ray Blanchette CEO/ President, Bryant Glasco Director, Jawad Atteyibi Manager.

49.

Plaintiff Ms. Nwogu cries of fear, and she began to trembled afraid for her life

50.

Defendants' ABP Corporation Jawad Atteyibi Manager, and Bryant Glasco Director held a meeting to address the assault and battery with Plaintiff on August 25, 2015

51.

Defendants' ABP Corporation, Jawad Atteyibi Manager, and Bryant Glasco director verbally, assaulted Plaintiff on August 25, 2015 during the meeting by getting only few inches into Plaintiff Ms. Veronique Nwogu's face.

52.

Plaintiff Ms. Veronique Nwogu was forced to resigned from her job on August 25, 2015, that day due to fear of been assaulted and battered again.

53.

Plaintiff went to the emergency room, plus physical therapy has the result of her physical injuries that she sustained by Defendants' ABP Corporation, Ray Blanchette, President, CEO, Jawad Attetyibi Manager, Bryant Glasco Director.

54.

Plaintiff Veronique Nwogu, filed a police report with the City of Atlanta on August 28, 2015 on Defendants' ABP Corporation and Jawad Atteyibi Manager for Simple Assault/ Battery

55.

Defendants' ABP Corporation has a pending warrant for the arrest of Jawad Atteyibi Manager of Au Bon Pain Bakery 1968 Peachtree Rd NW, Atlanta, GA

56.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII.

57.

As a result of defendants' discriminatory conduct, Plaintiff has suffered loss, emotional distress, physical, mental PTSD, humiliation, shame, disgrace and other indignities.

58.

Pursuant to Title VII, Plaintiff is entitled to damages including, compensatory damages, punitive damages, attorney's and mediation fees and cost of litigation, and all other relief recoverable under Title VII and statues providing for relief under Title VII.

59.

Defendants' discriminated against Ms. Veronique Nwogu on the basis of her race and/national origin by, among other things, forced to resign from her employment providing hostile environment and assaulted by Defendants' ABP Corporation and Jawad Atteyibi Manager, on the basis of her race and /or national origin, and did not do the same with respect to American born employees.

60.

Defendants' undertook their conduct intentionally, viciously, maliciously with respect to plaintiffs and her federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiffs and their federally protected rights, entitling them recover punitive damages against them.

61.

As a direct result and proximate result of Defendants' unlawful actions, Plaintiff has suffered loss, and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, shame, disgrace and other indignities.

62.

Pursuant to ~1981, Plaintiff is entitled to damages including loss of benefits, compensatory damages, punitive damages, attorney's fees, mediation, and cost of litigation pursuant to 42U.S.C. ` 1998, and all other recoverable under ~1981

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands a **TRIAL BY JURY** and that the following be granted:

    A. That the Court take jurisdiction of this matter;
    B. That process be served

C. That the Court award Plaintiff loss of economic benefits employment, to be determined at the trial of this case;
D. That the Court award Plaintiff liquidated damages under ADEA;
E. That the Court award compensatory damages in an amount to be determined by the trier of fact;
F. That the Court award Plaintiff punitive damages against Defendants in an amount to be determined by the trier of fact;
G. That the Court award plaintiff her cost of this litigation and mediation and his reasonable attorney's fees;
H. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to jury; and
I. That the Court grants such additional relief as the Court deems proper and just.

Respectfully submitted this __3__ of ~~June~~ July 2017.

Veronique Nwogu  Pro Se

*/s/ Veronique Nwogu*

ProSe
Veronique Nwogu
PO BOX 33251
Decatur GA 30033